UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

Eastern District of Kentucky
**FILED**
SEP 02 2021
AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 21-40-DCR**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

V.                                         **PLEA AGREEMENT**

**RODGER W. MOORE**                                                                 **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to a 1-count Information, charging a violation of 18 U.S.C. § 2252(a)(1) (Transportation of Child Pornography).

2. The essential elements of the crime charged are:

    (a)  The Defendant knowingly transported visual depictions in interstate or foreign commerce by any means including by computer;

    (b)  The production of which involved the use of a minor engaging in sexually explicit conduct;

    (c)  The visual depictions were of a minor engaged in sexually explicit conduct; and

    (d)  The Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

3. As to the crime charged, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On May 17, 2019, the Defendant flew from the Greater Cincinnati/Northern Kentucky International Airport in Boone County to Fayetteville, Arkansas on Delta Airlines. When he got off the plane, he left his cell phone (an iPhone 6) behind. Crew members found it, turned it in to lost-and-found, and later accessed it to try to identify the owner. When they did, they observed what appeared to be child pornography. They informed their supervisor and secured the phone in her office. A group of supervisors then accessed the phone again and they also observed child pornography and contacted law enforcement. Officers with the Northwest Arkansas Regional Airport PD (XNAPD) in Bentonville, Arkansas reviewed and documented the contents of the phone with the assistance of the Delta employees.[1] A further, forensic review of the cell phone – which had been transported from Eastern District of Kentucky to the Western District of Arkansas – revealed depictions of minors engaged in sexually explicit conduct.

(b) Subsequently, on September 26, 2019, the Ft. Thomas Police Department received a call from the principal of Johnson Elementary, who advised that an unknown subject driving a black Volvo entered the school parking lot and threw several pieces of paper out of the window. The papers, once collected, depicted suspected child pornography. Video surveillance from surrounding businesses was helpful only in identifying the make, model, and color of the vehicle.

(c) Approximately two months later, on November 15, 2019, the Alexandria Police Department received a call from a mechanic. According to the mechanic, he was called out to fix a flat tire at the Defendant's residence and observed suspected child pornography in the trunk of the vehicle in plain view. At that time, the vehicle was confirmed to be the same one involved in the incident at Johnson Elementary. When officers arrived on scene, the Defendant gave consent to search his vehicle and officers seized a binder (labeled "Local Rules") containing child pornography. The Defendant was, at one time, a practicing attorney. A search warrant was obtained for his residence and various computers and storage devices were seized and forensically examined. More child suspected pornography was discovered.

---

[1] This warrantless search exceeded the scope of the private searches conducted by Delta. A Task Force Officer with the Department of Homeland Security, however, subsequently obtained a search warrant for the phone that excluded any reference to the search by XNAPD; as a result, the independent source doctrine applies. *United States v. Bah*, 794 F.3d 617 (6th Cir. 2015) (noting if officers illegally search a cell phone without a search warrant, but then subsequently get a warrant that omits any tainted information from the affidavit, the warrant saves the information on the phone from the exclusionary rule; and holding that the same rule would also apply even if some tainted information appeared in the affidavit—as long as there was still enough for probable cause without the tainted information).

4. The statutory punishment for the crime charged is not less than 5 years and not more than 20 years in prison, a $250,000 fine, and at least 5 years of supervised release. The following special assessments also apply: (1) $100 pursuant to 18 U.S.C. § 3013(a)(2)(A); and (2) not more than $35,000 pursuant to 18 U.S.C. § 2259A.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts contained in paragraph 3.

    (c) Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

    (d) Pursuant to U.S.S.G. § 2G2.2(b)(1), the 2-level decrease in the offense level may apply.

    (e) It is the United States's position that, pursuant to U.S.S.G. § 2G2.2(b)(2), the offense level should be increased by 2 levels because the material involved a prepubescent minor who had not attained the age of 12 years.

    (f) It is the United States's position that, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), the 2-level increase (for knowingly engaging in distribution other than that described in subdivisions (A) through (E)) may apply.

    (g) It is the United States's position that, pursuant to U.S.S.G. § 2G2.2(b)(4), the offense level should be increased by 4 levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; and the sexual abuse or exploitation of an infant or toddler.

    (h) It is the United States's position that, pursuant to U.S.S.G. § 2G2.2(b)(6), the offense level should be increased by 2 levels because the offense involved the use of a computer.

    (i) It is the United States's position that, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), the offense level should be increased by 5 levels because the offense involved 600 or more images.

    (j) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (k) Pursuant to U.S.S.G. § 5E1.1, restitution may be applicable. Pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), any defendant convicted of "trafficking in child pornography" must pay a minimum of $3,000 in restitution per victim for each count of conviction. "Trafficking in child pornography" includes violations of 18 U.S.C. § 2252(a)(1). The amount of restitution ordered is not dependent on a defendant's ability to pay.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea, conviction, and sentence, except he reserves the right to appeal any adverse decision by the Court on the Guideline enhancements raised herein in paragraph 5(f), (g), and (i). Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant also agrees the United States can prove the required nexus for forfeiture.

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the

Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and

agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 9/2/21      By: *[signature]*
Elaine K. Leonhard
Assistant United States Attorney

7


Date: _9-2-21_ _____
Rodger W. Moore
Defendant

Date: _9/2/21_ _____
Mary P. Rafizadeh
Attorney for Defendant

**APPROVED**, this _____ day of _____, _____.

_____
UNITED STATES DISTRICT JUDGE

8