UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 2: 21-040-DCR |
| ) | |
| V. ) | |
| ) | |
| RODGER W. MOORE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Rodger Moore pleaded guilty on September 2, 2021, to an Information charging one count of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1). [Record Nos. 12 and 14] The undersigned denied the defendant's oral motion for release pursuant to 18 U.S.C. § 3143 during his plea hearing. [Record No. 12] A sentencing hearing is scheduled for December 14, 2021. [Record No. 15]

Moore has moved pursuant to 18 U.S.C. § 3145(c) for temporary relief, claiming that "exceptional reasons" exist to justify his release from custody prior to the sentencing hearing. [Record No. 16] He concedes that his guilty plea requires detention under 18 U.S.C. § 3143(a) and that he cannot meet the exceptions to mandatory detention outlined in § 3143(a)(2)(A) and (B). [*Id.* at p. 1.] However, Moore represents that exceptional reasons warrant his release under § 3145(c), citing several personal problems in support of the motion: he is estranged from his wife and children, he needs to return home to "sift through and salvage his personal belongings" because "no one in the world" can do so for him, and his house will be foreclosed upon and his personal items thrown away if he is not allowed to do so. [*Id.* at p. 2.] Moore

further states that his crime of conviction has resulted in threats by other inmates. [*Id.*] Additionally, Moore believes that health issues, including depression, attention deficit disorder, anxiety, and a recent COVID-19 diagnosis, mitigate in favor of his release. [*Id.* at pp. 2-3.]

The Court may consider an "exceptional reasons" motion under § 3145(c). *E.g.*, *United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010) (published memorandum order); *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002). The statute provides, as relevant here:

> [a] person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). The analysis is two-fold, requiring that the defendant meet the conditions set forth in § 3143(a) *and* clearly show that there are exceptional reasons why detention is not appropriate. *See United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010) ("[B]efore the Court may begin the exceptional reasons analysis, the defendant must meet[ ] the conditions of release set forth in section 3143(a)(1)." (internal quotation marks omitted) (second alteration in original)); *see also*, *e.g.*, *United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. July 15, 2020) (unpublished order); *United States v. Sykes*, 807 F. App'x 553, 554 (6th Cir. 2020) (unpublished memorandum order).

Under § 3143(a)(1), the defendant bears the burden of demonstrating by clear and convincing evidence that he is not likely to flee and that he does not pose a danger to the safety of any other person or the community. *See* Fed. R. Crim. P. 46(c); *United States v. Parrett*, 486 F. App'x 544, 548 (6th Cir. 2012); *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988). If the defendant makes such a showing, the Court may consider whether he has clearly

shown that there are exceptional reasons why detention is not appropriate. *See Christman*, 712 F. Supp. 2d at 654, 657.

Moore does not argue that he meets the conditions of § 3143(a)(1) and has accordingly failed to carry his burden. Additionally, the defendant poses some threat to children. Moore's plea agreement includes admissions to facts concerning his possession of child pornography as well as suspected child pornography on three separate occasions. [Record No. 14, ¶ 3] One such incident occurred on September 26, 2019, when he drove into an elementary school parking lot and threw pieces of paper depicting suspected child pornography out of the window of his car. [*Id.* at ¶ 3(c).]

Even assuming he could meet the requirements of § 3143(a)(1), Moore has not clearly shown exceptional reasons why his detention is inappropriate. Courts have found "exceptional reasons" to be "limited to those situations which are 'out of the ordinary,' 'uncommon,' or 'rare.'" *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases). Personal problems, such as familial or business hardships, are not out of the ordinary or rare for incarcerated defendants and do not justify release under § 3145(c). *See, e.g.*, *Christman*, 712 F. Supp. 2d at 656; *Miller*, 568 F. Supp. 2d at 774; *see also Cook*, 42 F. App'x at 804. The court in *United States v. Burnett* agreed with this proposition and further observed that:

> if it determined such personal hardships qualified to prevent or delay detention, then inevitably defendants committing the same offenses would be treated disparately for reasons unrelated to their crimes or personal character. A drug trafficker with no family would immediately go to jail while a drug trafficker convicted of the same offense with a family would remain on bail. Such disparity unrelated to the offense or personal character of the particular defendant would be contrary to the goals of the federal criminal legal system and would not be a desirable objective of a just system of law.

76 F. Supp. 2d 846, 850 (E.D. Tenn. 1999).

Moore's primary argument in favor of release is personal in nature: he wants to return home to collect his belongings because no one else can do so for him and he will lose them if his house is foreclosed. Moore has not shown that these circumstances are particularly rare or out of the ordinary for incarcerated defendants, many of whom have undoubtedly alienated their family members. And the opposite, yet equally unjust, scenario of that described in *Burnett* would be present in this case if Moore were to be released for the personal reasons cited in his motion. Releasing Moore on these grounds would reward a defendant convicted of a child pornography offense who has alienated his family members while similar defendants with intact familial relationships cannot obtain relief.

Moore's other exceptional reasons arguments are equally unpersuasive. Defendants, such as Moore, subject to § 3143(a)'s presumption of detention "will almost certainly serve at least some term of incarceration." *United States v. Varney*, No. 12–09–ART–HAI–(1), 2013 WL 2406256, at *1 (E.D. Ky. May 31, 2013). Indeed, Moore faces a five-year statutory minimum term of imprisonment for his § 2252(a)(1) conviction. *See* 18 U.S.C. § 2252(b)(1). "Because incarceration is inevitable," an exceptional reason justifying pre-sentence release must be "a reason why detention at this particular time—between [the] plea hearing and [the] sentencing hearing—would be inappropriate." *Varney*, 2013 WL 2406256, at *1.

Moore has failed to show how the alleged prison threats meet this standard. He has not demonstrated that his situation is attributable only to present pre-sentencing circumstances. Moreover, he acknowledges (and the Court suggested during the plea hearing) alternatives to release, *i.e.*, transfer to another facility or isolation, although he does not prefer these options. [*See* Record No. 16, p. 2.]

Next, chronic medical conditions generally will not justify release prior to sentencing because they "will be present whenever the defendant is incarcerated." *Varney*, 2013 WL 2406256, at *1 (citing *United States v. Parker*, No. 1:10–CR–28, 2011 WL 672309, at *2 (E.D. Tenn. Feb. 18, 2011)). Moore contends that several chronic conditions (depression, attention deficit disorder, and anxiety) are grounds for his release. [Record No. 16, pp. 2-3] He asserts that Campbell County Detention Center, unlike the Bureau of Prisons, in unequipped to treat to these conditions. [*Id.*] But he offers no support for this proposition and further fails to document the severity of his conditions. The conditions themselves are not so uncommon or rare that the Court could conclude, without any documentation of their severity, that they constitute exceptional reasons for release under § 3145(c).

"An acute need for medical care, on the other hand, may justify release" in some circumstances. *Parker*, 2011 WL 672309, at *2 (citing *United States v. Spigner*, 416 F.3d 708, 713 (8th Cir. 2005); *United States v. Garcia*, 340 F.3d 1013, 1019-20 (9th Cir. 2003)). Moore asserts one acute medical condition, COVID-19, to justify his release. Another judge of this Court has, on one occasion, found that COVID-19 provided an exceptional reason for release to exist. *See United States v. Love*, NO. 5:19-CR-160-KKC-MAS, 2020 WL 2477957, at *2 (E.D. Ky. Apr. 10, 2020). In *Love*, however, the defendant had preexisting breathing conditions putting him at risk of a seriously harmful infection: he was "highly susceptible to lung infections," "receive[d] oxygen," used a CPAP machine, and "receive[d] nebulizer treatments." *Id.* Further, the United States Court of Appeals for the Sixth Circuit has affirmed a district court finding of no exceptional reasons for release where the defendant "[did] not suffer from any preexisting medical conditions that would make him particularly vulnerable to the virus." *Williams*, 2020 WL 4000854, at *1.

While it is unfortunate that Moore has contracted COVID-19, he has not demonstrated that he has any particular preexisting condition(s) that might exacerbate his symptoms, let alone asserted that he presently has symptoms that might necessitate treatment outside his place of incarceration. And although he states that he would "certainly benefit greatly with medical care outside" of Campbell County Detention Center [Record No. 16, p. 2], he has not argued or demonstrated that the facility is incapable of providing him with suitable treatment. Moore has not clearly shown that this basis for relief, or any other set forth in his motion, is an exceptional reason why detention is not appropriate.

For the reasons outlined herein, it is

**ORDERED** that Defendant Rodger Moore's motion for release pending sentencing [Record No. 16] is **DENIED**. Further, based on the information provided by the United States in its response to the motion [Record No. 18], the Court will not direct the United States Marshals Service to transport Moore to his residence to address matters outlined in his recent filing. Finally, the Court notes that the record of this case is temporarily sealed. However, if the current detention facility is unable to provide sufficient protection to Moore based on his offense of conviction, his counsel may request that the United States Marshals Service transfer him to another local detention facility pending sentencing in this case.

Dated: October 5, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky