## MEMORANDUM IN SUPPORT

The Bureau of Prisons confirms on its inmate register that Rodger William Moore is incarcerated. And a public filing in a related state prosecution indicates that Rodger Moore "has pled guilty to these charges in Federal Court and is set for sentencing on December 14, 2021." (order attached hereto as **Exhibit A**). Other than these two things, there are no public records relating to the charges against Rodger Moore, the sentence imposed upon him, the court in which he was sentenced, or his release date, among other things.

For reasons of personal safety, the undersigned sought information relating to the sentence imposed upon Rodger W. Moore. Because the entire case and docket is sealed, the Clerk of Courts declined to even provide the case number of the criminal action against Rodger Moore. As a result, the undersigned now moves to unseal the Court Records.

The public has both a federal constitutional and common law presumptive right of access to court proceedings and judicial records. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.3d 1165, 1177-78 (6th Cir. 1983). "The historical evidence demonstrates conclusively that at the time when our organic laws were adopted, criminal trials both here and in England have long been presumptively open. This is no quirk of history; rather it has long been recognized as an indispensable attribute of an Anglo-American trial." *Id.* at 1178 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980)).

As the Sixth Circuit explained in *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016):

> "The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-

2

disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

\* \* \*

And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

Here, there is no public record establishing "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *See Shane Grp, Inc.*, 825 F.3d at 306. Nor is there any public record "specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 510 (1984) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-07 (1982)).

The complete sealing of the docket violates the public's right of access. *See also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) ("We therefore hold that docket sheets enjoy a presumption of openness and that the public and the media possess a qualified First Amendment right to inspect them."). Brian P. O'Connor therefore respectfully seeks leave to intervene to protect the public's right of access and an order vindicating that right. *See Jessup v. Luther*, 227 F.3d 993 (7th Cir. 2000) (recognizing intervention as the logical and appropriate vehicle for the public to challenge a closure order because "those who seek access to [sealed] material have a right to be heard in a manner that gives full protection to the asserted right.").

**WHEREFORE**, Brian P. O'Connor respectfully requests that the Court unseal the record and restore public access to the Court Records.

Respectfully submitted,

Brian P. O'Connor (Ky. Bar No. 94030)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
513.721.4450 tel – 513.721.0109 fax
bpo@santenhughes.com
*Movant Pro Se*

## CERTIFICATE OF SERVICE

TO THE CLERK OF COURTS:  The undersigned is unable to serve a copy of this motion upon all parties or counsel of record because there is no public record as to who those persons are. Therefore, please cause a copy of this Motion to be served upon all parties and counsel of record in the above-captioned case registered with the Court's CM/ECF system on this 21st day of March, 2022.

Brian P. O'Connor (Ky. Bar No. 94030)

691282.1

4