UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 21-040-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RODGER W. MOORE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Rodger Moore pleaded guilty on September 2, 2021, to an Information charging a single count of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1). [Record Nos. 12 and 14] During the plea hearing, counsel for the defendant made an oral motion for the case to remain sealed until further notice based on potential security issues associated with his place of detention. [*See* Record No. 12.] The Court sustained that motion. [*Id.*]

Proceeding *pro se*, attorney Brian P. O'Connor, has now filed a motion: "(i) for leave to intervene in this case for the limited purpose of filing a motion to unseal; and (ii) to unseal all case documents and restore public access to the docket and all case records relating to the criminal conviction of Rodger W. Moore . . . ." [Record No. 31] O'Connor states that he inquired into the details of this case for unspecified "reasons of personal safety," only to find that it has been sealed. [Record No. 31-1, p. 1] He asserts that the public's presumptive common law and constitutional rights of access to the docket have not been overcome. [*Id.* at pp. 1-2.]

The Court directed responses by the parties and a reply by O'Connor. [Record No. 32] However, the defendant and the United States failed to respond by their deadline. As a result, the Court concludes that further briefing is not necessary. *See* LCrR 47.1 and 57.7(a).

At the outset, the Court observes that intervention is generally considered a "logical and appropriate vehicle" by which the public (or the press) may seek to vindicate its rights of access to public court proceedings and challenge the sealing of documents. *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000). And this appears to be true in the context of criminal cases. *See, e.g., United States v. Doe*, 629 F. App'x 69, 71 (2d Cir. 2015); *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1025 (11th Cir. 2005); *United States v. Smith*, 123 F.3d 140, 145 (3d Cir. 1997); *see also United States v. Blagojevich*, 612 F.3d 558, 559-61 (7th Cir. 2010). Here, the parties have failed to contest O'Connor's request to intervene, and the Court agrees that intervention for the limited purpose of challenging sealing is appropriate.

Turning to the substantive issue of sealing, the public may have a qualified First Amendment right to access proceedings and judicial documents in criminal cases. *See, e.g., United States v. DeJournett*, 817 F.3d 479, 484-85 (6th Cir. 2016). The qualified First Amendment right only attaches to a particular criminal proceeding if: "(1) that proceeding has 'historically been open to the press and the general public' and (2) 'public access plays a significant positive role in the functioning of the particular process in question.'" *In re Search of Fair Finance*, 692 F.3d 424, 429 (6th Cir. 2012) (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)). This test also applies where access to documents in a criminal proceeding is at issue. *See DeJournett*, 817 F.3d at 484-85 (applying this test to find "a constitutional right to access plea agreements"). "Once the First Amendment right of access attaches, it can 'be overcome only by an overriding interest based on findings that closure is

- 2 -

essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).

There is also a "less-burdensome" qualified common law right of access to judicial records, which "may be curtailed if, in the exercise of the court's sound discretion, it determines that non-disclosure is warranted." *Id.* at 485 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). But the Court must consider "the relevant facts and circumstances of the particular case" when exercising such discretion. *Id.* (quoting *Nixon*, 435 U.S. at 599.

The Court observes that, in this case, the intervenor's motion essentially presents two separate questions: (1) whether the Court should unseal the docket of Moore's case generally, and, if so, (2) whether the Court should unseal filings that have been independently filed under seal. The first question has a relatively simple answer. The standards noted above clearly indicate that rights of access to the docket generally exist.

Regarding whether those rights should be curtailed, the Court can find no reason to keep the docket sealed. The case was initially sealed to account for purported security issues concerning other detainees at Moore's place of detention. However, as the Court has observed on a prior occasion, concerns about Moore's security while incarcerated can be mitigated by requesting a transfer to another facility or by isolation. [*See, e.g.*, Record No. 19, pp. 4, 6.] Thus, the Court will grant the intervenor's request to unseal the docket of this case.

Moving to the second question, *i.e.*, whether independently-sealed filings should be unsealed, the undersigned notes that there are several sealed documents in the record. [*See* Record Nos. 7-10, 20-23, 26-27, 29-30.] These filings relate to: (1) an *ex parte* Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, Form 23 affidavit; (2) a request for a continuance of

the filing of the Information and arraignment based on a pending mental health evaluation; (3) a request for psychological expert services funding under the CJA for the purposes of sentencing; and (4) a request for a presentencing mental health evaluation by the Bureau of Prisons in preparation for sentencing pursuant to 18 U.S.C. § 3552.[1]  [*See id.*]

Rights of access do not attach to several of these filings.  For example, several courts have found that CJA materials generally fall outside the purview of First Amendment and common law rights of access.  *See generally In re Boston Herald, Inc.*, 321 F.3d 174 (1st Cir. 2003); *United States v. Gonzales*, 150 F.3d 1246 (10th Cir. 1998).  This conclusion reasonably applies to the CJA affidavit and the materials relating to the CJA request for expert funding in this case because they are, at best, only quasi-judicial in nature and are more akin to administrative documents than judicial records traditionally subject to public rights of access.[2]  *See Gonzales*, 150 F.3d at 1254-55.  Additionally, 18 U.S.C. § 3006A(e) explicitly indicates that expert services funding applications are to be made *ex parte*, supplanting any common law right of access to those materials.  See *id.* at 1263-64.

Further, a psychological evaluation under § 3552 is similar to a presentence investigation report ("PSR") in that it provides confidential mental health information to aid

---

[1]  Another filing, Record No. 28, concerns the § 3552 request but has not been sealed. Consistent with the analysis set forth herein, the Court will direct that it be maintained under seal.

[2]  Consistent with this administrative function, the Judicial Conference of the United States has issued a "Policy on Privacy and Public Access to Electronic Case Files," which precludes the public filing of both "financial affidavits filed in seeking representation pursuant to the Criminal Justice Act" and "ex parte requests for authorization of investigative, expert or other services pursuant to the Criminal Justice Act."  *See Judicial Conference Policy on Privacy and Public Access to Electronic Case Files*, ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files (last visited Apr. 5, 2022).

the Court at sentencing. Indeed, such an evaluation is authorized by the same statutory section addressing PSRs, § 3552. And the public's rights of access do not attach to PSRs. *See In re Morning Song Food Litig.*, 831 F.3d 765, 773 (6th Cir. 2016). Thus, the public's rights of access would not attach to documents concerning the related request for a mental health examination.

But even assuming First Amendment and/or common law rights of access reach all relevant filings, several interests counseled in favor of sealing these documents at the time they were initially filed. First, nearly all of these filings relate to the defendant's mental health condition. They implicate the defendant's privacy interests, which also serve as a basis for sealing. *See, e.g.*, *In re Spokesman-Review*, No. MC 08-6420-S–EJL, 2008 WL 3084252, at *4 (D. Idaho Aug. 5, 2008); *Ashworth v. Bagley*, 351 F. Supp. 2d 786, 789 (S.D. Ohio 2005); *United States v. McVeigh*, 918 F. Supp. 1452, 1466 (W.D. Okla. 1996).

In a different sense, the CJA affidavit also implicates Moore's privacy interests. And "[t]he CJA process is the defendant's means of preparing a defense, and keeping that process closed . . . prevent[s] the government from being 'tipped off' as to the direction in which the defendant's trial strategy is heading." *Gonzales*, 150 F.3d at 1259 (citing *Franks v. Delaware*, 438 U.S. 154, 169 (1978); *In re Grand Jury Proceedings*, 579 F.2d 836, 840 (3rd Cir. 1978)). The same can be said for the defendant's sentencing strategy, and it is accordingly appropriate to seal all filings regarding CJA funding. Finally, as noted above, the § 3552 evaluation request involves confidential information used for purposes similar to a PSR, and PSRs are filed under seal.

These considerations remain valid and weigh against unsealing the independently-sealed filings. O'Connor's concerns are well-taken, but his interests and the

interests of the public generally will effectively be protected by unsealing the docket of this case while maintaining the independently-sealed documents under seal. Further, the defendant remains detained pending his forthcoming sentencing hearing, and that hearing will be scheduled and conducted through filings and proceedings that are open to the public. Thus, the intervenor and other members of the public will be able to access information regarding the defendant's sentence and incarceration status going forward.

Having considered the matter and being sufficiently advised, it is hereby

**ORDERED** as follows:

1. Brian P. O'Connor's motion [Record No. 31] is **GRANTED**, in part, and **DENIED**, in part. O'Connor's request to intervene for the limited purpose of filing the motion to unseal is **GRANTED**. The intervenor's request to unseal the docket of this action is **GRANTED**. The request to unseal all filings in this action is **DENIED** to the extent that the intervenor seeks to unseal independently-sealed filings.

2. The Clerk of the Court is **DIRECTED** to **UNSEAL** the docket of this action. However, Record Nos. 7, 8, 9, 10, 20, 21, 22, 23, 26, 27, 29, and 30 shall remain **UNDER SEAL** for the reasons outlined above.

3. The Clerk of the Court is **DIRECTED** to **SEAL** the filing docketed at Record No. 28.

Dated: April 5, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky