**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 21-40-DCR**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**


**V.**                        **UNITED STATES'S SENTENCING MEMORANDUM**


**RODGER W. MOORE**                                               **DEFENDANT**

\* \* \* \* \*

Pursuant to the Court's order [R. 15: Order], the United States submits the following Sentencing Memorandum. As set forth more fully below, the advisory Guidelines range of 97–121 has been properly calculated, and a sentence of 120 months is sufficient, but not greater than necessary, to achieve the statutory goals of sentencing.

I.   Factual Background and Procedural History

This case, in its simplest form, involves three discrete incidents, united by a common, illegal thread. The story began on May 17, 2019, when the Defendant flew on Delta Airlines from the Greater Cincinnati/Northern Kentucky International Airport in Boone County to Fayetteville, Arkansas. When he got off the plane, he left his cell phone (an Apple iPhone 6) behind. Crew members found it, turned it in to lost-and-found, and later accessed it to try to identify the owner. When they did, they observed what appeared to be child pornography. They informed their supervisor and secured the phone in her office.

1

A group of supervisors then accessed the phone, also observed child pornography, and contacted law enforcement.  Officers with the Northwest Arkansas Regional Airport Police Department (XNAPD) in Bentonville, Arkansas reviewed and documented the contents of the phone with the assistance of the Delta employees.   A forensic review of the cell phone revealed videos and images of child pornography, which were accessed via links – from Mega and Dropbox – within the Kik Messenger application.  The Defendant's phone contained at least 537 images and 5 videos that depict minors engaged in sexually explicit conduct; 431 images and 1 video depict known victims according to the National Center for Missing and Exploited Children (NCMEC).

Subsequently, on September 26, 2019, the Ft. Thomas Police Department received a call from the principal of Johnson Elementary, who advised that an unknown subject driving a black Volvo entered the school parking lot and threw several pieces of paper out of the window.  A few pieces depicted suspected child pornography.  Video surveillance from surrounding businesses yielded limited information (the make, model, and color of the vehicle).

The driver remained unidentified until approximately two months later, when the Alexandria Police Department received a phone call from a mechanic.  According to the mechanic, he was called out to the Defendant's residence to fix a flat tire and observed suspected child pornography in the trunk of the Defendant's vehicle.  It was then that officers identified the Defendant's vehicle as the one involved in the incident at the school.  The Defendant gave consent to search his vehicle and officers seized a binder, labeled "Local Rules," that contained child pornography; the Defendant was previously a

2

licensed attorney.[1]  A search warrant was executed on the Defendant's residence and various computers and storage devices were seized, along with 7 additional binders.  The digital evidence was forensically examined, revealing a cache of child pornography.[2]

II.     Unresolved Objections to the Presentence Investigation Report (PSR)

There are no objections to the PSR that remain unresolved.

III.    Recommended Sentence

When imposing a sentence in this case, and any other criminal case, the Court must select a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [section 3553(a)(2)]." 18 U.S.C. § 3553(a).  In doing so, the Court must consider the following, non-exhaustive factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training, care, or treatment; (3) the guideline range (which in this case is 97–121 months); and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  *See* 18 U.S.C. § 3553(a).

---

[1] The binder contained 51 pages in individual document protectors; some pages contained multiple images; and 63 images depicted minors engaged in sexually explicit conduct.

[2] A conservative estimate revealed an additional 268 videos that depicted minors engaged in sexually explicit conduct.

3

A sentence of 120 months would satisfy the foregoing factors.  As outlined above, the Defendant accessed, received, and saved child pornography in various forms: on his phone, at his home (primarily on storage devices), and in hard copy.  In many respects, the nature and circumstances of the Defendant's offense are fairly typical: the method of receipt (mobile device/digitally); participation in a child pornography "community" (via Kik messenger groups); and storing contraband in various forms and places. [3]  So, too, are some the Defendant's characteristics. [4]

Where the Defendant's story diverges is his personal history, which can only be described as turbulent, and other characteristics, as noted by the forensic psychologist who evaluated him.  For example, the psychologist noted that he has a "tendency to self-destruct" and suffers from a dysfunction in personality.  [*See* Sealed Forensic Report at p. 6, 13.]  She also noted that he threatened suicide and refused to eat when he did not receive the medication he requested.  [*Id*. at 11.]  According to the psychologist, the Defendant "present[ed] with sexual deviation, which is a relatively stable pattern (i.e., lasting months or years) of sexual arousal to inappropriate stimuli.  He [also] has a history of sexual offenses that differ in topography to his current sexual offending charges."  [*Id*. at p. 14.]  As a result, the psychologist concluded that the Defendant poses a moderate-to-high risk of recidivism and his prognosis is "mixed."  [*Id.* at p. 15]

---

[3] *See* "Federal Sentencing of Child Pornography: Non-Production Offenses" at p. 32–38 (U.S. Sent'g Comm'n June 2021).
[4] *Id*. at p. 18 (noting that most defendants who are convicted of non-production child pornography offenses are white, male, middle-aged, college educated, and fall into Criminal History Category I).

To characterize the Defendant's crime as "serious," seems unnecessary.  But if any doubt remained, the statements submitted by the victims in this case dispel it; crimes involving child pornography inflict untold and lasting trauma on victims.  Unfortunately, advancements in technology have only served to: (1) perpetuate that cycle and (2) make these crimes easier to commit by enabling greater access to – and a proliferation in sharing of – this content.  These realities support sentences within – rather than below – the Guidelines.

A sentence of 120 months accounts for all the foregoing: the entries on both sides of the ledger.  It will most certainly reflect the seriousness of the Defendant's crime and his personal history and characteristics; afford a measure of deterrence to the Defendant and others; and protect the public from the Defendant.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By:      /s/ Elaine K. Leonhard
         Assistant United States Attorney
         207 Grandview Drive, Suite 400
         Ft. Mitchell, Kentucky 41017
         (859) 652-7035
         FAX: (859) 655-3212

## <u>CERTIFICATE OF SERVICE</u>

On July 5, 2022, I electronically filed the foregoing using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

/s/ Elaine K. Leonhard
Assistant United States Attorney