## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## COVINGTON, KENTUCKY
## CRIMINAL CASE NO: 2:21-CR-040-DCR-01

UNITED STATES OF AMERICA                                          PLAINTIFF

VS.                          *ELECTRONICALLY FILED*

RODGER W. MOORE                                                   DEFENDANT

### SENTENCING MEMORANDUM

The Defendant, RODGER W. MOORE, through counsel, respectfully submits the following Sentencing Memorandum. Mr. Moore prays Your Honor impose a sentence that is sufficient, but not greater than necessary. The applicable law set forth in *U.S.C. Section 3553(a), U.S. v. Booker, 543 U.S. 220 (2005), ad U.S. v Fanfan, 542 U.S. 963 (2004)*.

Rodger W. Moore demonstrated acceptance of responsibility by entering a plea to *18 U.S.C. Section 2252(a)(1),Transportation of Child Pornography.*

**Presentence Investigation Report**

Rodger W. Moore has been incarcerated in Bourbon County Regional Jail during the review of the Presentence Investigation Report. The information contained in the updated report has been thoroughly reviewed and discussed between Counsel Rafizadeh and Rodger W. Moore. Rodger W. Moore agrees with information contained in paragraphs 1 through 23. Also, Rodger W. Moore agrees with the corrections made to paragraphs 24 through 29, and 31 through 37. With respect to paragraph 30, Rodger W. Moore agrees that the number of images exceed 600, and therefore accepts the 5-level increase. However, Assistant United States Attorney Leonhard conducted a thorough review of the images, conservatively counting those images to be included as CP and offered this information in an email to Officer D'Alessandro and Defense Counsel Rafizadeh: 537 images and 5 videos depicting minors engaging in sexually explicit conduct

contained in the cell phone; 63 images that depict minors engaged in sexually explicit conduct contained in a 3-ring binder found in Rodger W. Moore's vehicle; 268 videos and 352 images depicting minors engaged in sexually explicit conduct found on storage devices in Rodger W. Moore's home. Counsel Rafizadeh agrees with and accepts this summary. Additionally, defense expert Matt Curtain of Interhack, does not dispute AUSA Elaine Leonhard's summary.

Rodger W. Moore denies the conduct outlined in Paragraph 38, and accepts the statement in Paragraph 39.

Rodger W. Moore agrees with the information contained in Paragraphs 40 through 52, and Paragraphs 54 through 59. He has not received information regarding any charges in Kansas and denies Paragraph 53.

Rodger w. Moore agrees with the Paragraphs 60 through 82 containing information about his Personal and Family Data, Physical Condition, Mental and Emotional Health, Substance Abuse, Educational, Vocational and Special Skills, Employment Record and Financial Condition. However, Rodger W. Moore believes his Assets and Liabilities are incorrectly reported. He states that the house sustained damage while vacant which may have greatly diminished the value. Also, the lien amount of the mortgage is under-represented according to him. He owes back taxes to Kentucky and the United States. The tax liability noted for the United States is under $200,000, and he believes it could be as high as $400,000.

Rodger W. Moore agrees with the balance of the content contained in the Presentence Report except he moves this Court for a downward variance based on 18 U.S.C. Section 3553(a).

**18 U.S.C  Section 3553(a)**

<u>Nature and Circumstance of the Offense</u>

This case stems from a flight attendant finding a lost iPhone on a commercial plane after a flight had landed and deplaned.  The flight attendant accessed the phone so it could be returned to the owner and while doing so viewed Child Pornography on the phone. The phone belonged to Rodger Moore. Rodger used the phone to access chat-messaging boards through an application called Kik.   Through those message boards Rodger clicked on links provided believing the content to be child pornography and/or erotica.  When the link opened it accessed Mega.ios and asked if the viewer wanted to "view" or download" the images and/or videos being opened. Rodger Moore clicked "view" which then opened the files in Mega.ios.  Mega.ios used the Safari Internet Browser on the Apple Phone to view the files.

When Rodger clicked "view" it automatically downloaded the images/videos inside the Mega.ios pathway on the phone.  Rodger thought that he was viewing only unless he purposefully saved.  The images/videos were then viewable through the Safari Internet Browser. Rodger took an additional step by taking "screen shots" of some of the images that he viewed. The "screen shots" were a limited number of items compared to the total number of images located and stored on the phone, but were in fact items intentionally stored and downloaded on the phone.  Rodger had purposely save many child pornography images on devices that were kept at his home in Alexandria, as he previously stated.

<u>History and Characteristics</u>

Rodger Moore was content with his life up to the spring of 2012. He had a successful career, four children, and lived in a beautiful home.  His marriage wasn't perfect, but he believed it would last.  Everything seemed good and he did not anticipate any problems.  But, one

morning in 2012, he awoke to an empty house. His wife abandoned him and took their four children. His world was shaken. His wife separated from him and filed for divorce. He was devastated and his life starting spiraling out of control.

The most difficult part of the split up with his wife, was losing contact with his children. Initially, he initially had limited contact with his children. But eventually he could not see them at all. He misses them greatly and knows that his conduct has detrimentally impacted them. He realizes he will not be able to communicate with them, in person or by any means until each child reaches the age of 18.

Rodger reported viewing child pornography beginning in approximately 2017. It is hard for him to admit that he viewed child pornography, hard to acknowledge that he saved it, and even harder to accept that he had any pleasure in it. He believed there was an explanation for his behavior, he only needed to find it. Early on, Rodger requested Defense Counsel seek a psychological/psychiatric evaluation. Defense Counsel cautioned Rodger that an evaluation might uncover issues that he did not want made public. Additionally, Rodger realized that there may be issues that a court would see as negative, and consequently impose a harsher sentence. With this knowledge, Rodger insisted on an evaluation. He believed that if he could uncover the root cause of his viewing of child pornography, he could fix it.

The motion was filed, and Rodger was sent to the Federal Detention Center in Miami, Florida for an evaluation. The Forensic Psychologist Carmen J. Rodriguez recommended a BOP Sex Offender Management Program site for evaluation and treatment, concurrent counseling and possibly psychiatric medications. Rodger is motivated to cooperate with this treatment plan. Rodger plans to participate in every program offered that can help him become a better version of himself. He also plans to become involved as a mentor to other inmates who need assistance.

It is his goal to succeed as an inmate and learn to live free of pornography.

An additional characteristic of Rodger Moore that needs to be considered by the Court is his true acceptance of responsibility in this matter. In representing individuals charged with sexual crimes, including; production, transport, and possession of child pornography it rare to have a client openly discuss the actual act of which he plead guilty. For Rodger Moore that involved discussions of the child pornography he was viewing and taking screen shots of on his iPhone. Most client's rarely get to a place during the presentence phase in a sex case in which they can freely talk about and be remorseful for their actions. Rodger Moore is one of the few clients I've represented in thirty years who admitted not just to the Court, but to his attorney and to himself that he has done these terrible things. While his acceptance doesn't undue the harm done, it does put him on a path of which he can be rehabilitated.

**Part D. Sentencing Options**

As he serves his sentence, he intends to participate in all training and education that is permitted to prepare him for release.  The Defendant base offense level is 30 with a criminal history category of I the guideline imprisonment range is 97 months to 121 months. The defendant is requesting to be sentenced to a sentence at the bottom range of the guidelines or with a downward variance from the guidelines based upon the 18 U.S.C  Section 3553(a) factors. The Defendant's term of supervised release may be extended for up to life; which in his particular case is reasonable if given a sentence at the low end of the guideline range. That would be an opportunity for Rodger to prove his commitment to change with a lower sentence followed by a longer period of supervision.

Respectfully submitted,

*/s/ Mary P. Rafizadeh*
Mary P. Rafizadeh (KBA #83910)
Attorney for Rodger Moore
526 Greenup Street
Covington, KY 41011
(859) 816-3238
Mfrafizadehlaw@gmail.com

## NOTICE

This Sentencing Memorandum has been electronically filed this 5th day of July, 2022, and an electronic copy will be sent via through the ECF system to Assistant United States Attorney Elaine Leonhard.

*/s/ Mary P. Rafizadeh*
Hon. Mary P. Rafizadeh